WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew K. Forbes, et al., | No. CV-17-03295-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Bank of America NA, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Remand of Plaintiffs Andrew and Julia Forbes. (Doc. 9). For the following reasons, the Court denies the motion.

**Background**

On August 22, 2017, Plaintiffs Andrew and Julia Forbes of Arizona filed a Complaint, pro se, in Maricopa County Superior Court against Defendants Bank of America, N.A. (BANA) and Leonard J. McDonald. (Doc. 1-1). In 2006, Plaintiffs executed a promissory note with BANA in the amount of $399,900.00 in order to purchase real property in Wittmann, Arizona. This note was secured by a deed of trust on the land, with BANA as the beneficiary. Plaintiffs defaulted on the loan in 2009, and were unable to agree on loan modification programs with BANA. After default, the trustee sent notice to Plaintiffs of a sale of the property. Plaintiffs realized that BANA was foreclosing on the wrong property and informed the trustee of this mistake. Plaintiffs received no further correspondence from BANA or the trustee, causing them to believe the property has been foreclosed.

A Notice of Substitution of Trustee was recorded on May 31, 2017 and Mr. McDonald was appointed the successor trustee. Plaintiffs then received a notice of trustee's sale referencing a renewed effort to foreclose on the property. Plaintiffs' Complaint asserts wrongful foreclosure, claiming that the statute of limitations has expired. Additionally, Plaintiffs allege that BANA breached their fiduciary duties of good faith and fair dealing. Plaintiff's Complaint seeks injunctive relief to stop the foreclosure and alleges injuries in excess of $150,000.

Defendant BANA removed the action to federal court on September 22, 2017. BANA, a citizen of North Carolina, alleges that Defendant McDonald, a citizen of Arizona, has been fraudulently joined to the lawsuit. BANA asserts that Arizona law and the Complaint provide no basis for relief against Defendant McDonald as Trustee. BANA also states that the amount in controversy exceeds $75,000. Plaintiffs filed a Motion to Remand on October 17, 2017.

**Discussion**

**I.   Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A party may remove an action from state court only if the action could have been brought in the district court originally. *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting a "strong presumption" against removal jurisdiction, and stating that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

**II.   Analysis**

Federal jurisdiction is proper in all cases that present a federal question on the face

of the complaint. 28 U.S.C. § 1331. In addition, the Court has subject-matter jurisdiction to rule on cases in which defendants and plaintiffs are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. The Supreme Court has interpreted § 1332 to require complete diversity between parties, such that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). However, if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," the district court may claim that the party is fraudulently joined, and assert jurisdiction. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

**A. Diversity Jurisdiction**

**1. Diversity of Citizenship**

Plaintiffs, Arizona citizens, have filed suit against BANA, a citizen of North Carolina, and Mr. McDonald, a citizen of Arizona. On its face, the presence of Mr. McDonald destroys diversity between the parties. However, if the "settled rules of the state" prevent Plaintiffs from "stat[ing] a cause of action" against Mr. McDonald, then Mr. McDonald is considered fraudulently joined and his presence would not preclude removal on diversity grounds. *McCabe*, 811 F.2d at 1339. Under Arizona law, the "trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation." A.R.S. § 33-807(E). A court order "entered against the beneficiary [BANA] is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. *Id*. A trustee joined in an action "is entitled to be immediately dismissed." *Id*. Three elements must be established for a trustee to fall under § 33-807(E)'s protections: the trustee is a defendant in the action, the claim "relates to the authority of the trustee to act," and the claims "do not allege that the trust breached any of his or her obligations that arise under either the deed of trust" or statutes that regulate deeds of trust. *Puzz v. Chase Home Finance, LLC*, 763 F.Supp.2d 1116, 1125 (D. Ariz. 2011).

The first two elements of § 33-807 are met here. The trustee, Mr. McDonald, is named as a party in the complaint. The complaint deals with whether the Plaintiffs' property may be foreclosed, an issue that relates to the authority of the trustee's ability to act with regards to a deed of trust sale. As to the third element, in their Motion to Remand Plaintiffs assert that "Defendant Leonard J. McDonald breached his fiduciary duty to Plaintiffs." (Doc. 9, pg. 4). Plaintiffs argue that this fiduciary duty was breached by Mr. McDonald continuing to proceed with the foreclosure after Plaintiffs informed him of their claim that the foreclosure is barred by the statute of limitations. Plaintiffs state an intent to "provide further clarification to these allegations against Defendant Leonard J. McDonald by filing an amended complaint upon remand." (Doc. 9, pg. 5). This Court cannot engage in speculation as to what Plaintiffs may allege in an amended complaint. The Complaint filed in Superior Court only mentions Mr. McDonald twice: once to state that he is a resident of Arizona, and once to state that he was appointed as a Successor Trustee. (Doc. 1-1, pgs. 3, 6, ¶¶ 3, 17). The Complaint, therefore, makes neither factual allegations that would support an independent claim against Mr. McDonald nor actually brings a claim against Mr. McDonald for a breach of duties. Any order this Court might issue against BANA about the foreclosure would apply to Mr. McDonald under A.R.S. § 33-807(E). Thus, Mr. McDonald has been fraudulently joined to the suit and his presence does not destroy the diversity requirement. *See Webb v. CitiMortgage, Inc.*, No. CV-10-2455-PHX-SRB, 2011 WL 13142488, at *4–5 (D. Ariz. July 13, 2011) *Tietjen v. Wells Fargo Home Mortg.*, No. CV-10-06122-PHX-GMS, 2011 WL 379306, at *2 & n. 2 (D. Ariz. Feb. 3, 2011); *Dumont v. HSBC Mortg. Corp., USA*, No. CV-10-1106-PHX-MHM, 2010 WL 3023885, at *2 (D. Ariz. Aug. 2, 2010); *Cervantes v. Countrywide Home Loans, Inc.*, No. CV-09-517-PHX-JAT, 2009 WL 3157160, at *12–13 (D. Ariz. Sept. 24, 2009).

**2. Amount in Controversy**

Plaintiffs contend that the amount-in-controversy requirement has not been met. They state that they are seeking only an injunction. When the relief sought is injunctive in

- 4 -

nature, and not monetary, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977). Plaintiffs assert that the value of the object of the litigation is properly measured using the value of the property to be foreclosed on: $14,100. (Doc. 9, Ex. B). Defendants, however, would use the balance of the loan secured by the property: $173,231.20. The Court need not resolve this dispute. Plaintiffs' Complaint does not seek only injunctive relief. The Complaint states twice that "Plaintiffs have suffered and will continue to suffer if the trustee's sale is conducted in excess of $150,000.00." (Doc. 1-1, pgs. 6, 7 ¶¶ 22, 26). Plaintiffs do later seek injunctive relief, but that is in addition to their claims of wrongful foreclosure and breach of good faith and fair dealing where Plaintiffs assert damages in excess of $150,000. This exceeds the amount-in-controversy requirement of $75,000.

### B. Federal Question Jurisdiction

Federal courts have federal question jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 519 U.S. 386, 392 (1987). In this way, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. Plaintiffs' Complaint alleges that "Defendant [BANA] engaged in unfair and deceptive practices in violation of the Federal Fair Debt Practices Act." (Doc. 1-1, pg. 7, ¶ 24). This is seemingly a reference to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Without making any determination as to the merits of Plaintiff's suit, the FDCPA does contain prohibitions on various unfair practices and deceptive actions. *See* 15 U.S.C. § § 1692f, 1692g. To the extent Plaintiffs are raising claims under the FDCPA, this Court has jurisdiction to hear those claims. The Court also has supplemental jurisdiction to hear the remaining state law claims under 28 U.S.C. § 1367(a).

**Conclusion**

Plaintiff's Motion to Remand is denied because this Court has diversity jurisdiction. Defendant McDonald is not a proper party under Arizona law, and his

presence in the suit constitutes fraudulent joinder. Without Mr. McDonald, there is complete diversity between the parties: the Plaintiffs are Arizona citizens and Defendant BANA is a North Carolina citizen. Although Plaintiffs claim to only be seeking injunctive relief, their Complaint contains causes of action where they assert damages in excess of $150,000, surpassing the required amount in controversy. Plaintiffs' Complaint also raises a federal question related to the FDCPA, giving this Court federal question jurisdiction over that claim and supplemental jurisdiction over the remaining state law claims.

**IT IS THEREFORE ORDERED** that the Motion to Remand of Plaintiffs Andrew and Julia Forbes (Doc. 9) is **DENIED.**

Dated this 30th day of November, 2017.

_____
Honorable G. Murray Snow
United States District Judge